# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                         No. CRIMINAL 05-1250 JB

NORBERTO GARCIA-RODRIGUEZ,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Defendant's Sentencing Memorandum, filed November 14, 2005 (Doc. 31); and (ii) the Defendant's Objections to Presentence Report, filed December 1, 2005 (Doc. 35). The Court held a sentencing hearing on the Defendant Norberto Garcia-Rodriguez' objections on December 20, 2005. The primary issues are: (i) whether the Court should amend the Presentence Report ("PSR") to reflect that Garcia-Rodriguez was "an accomplice" to the crime of aggravated robbery, and "exited the vehicle and stood by while a handgun was pointed" at the victim "while [m]oney and jewelry were taken from the defendant [sic]"; and (ii) whether the Court should deviate from the Sentencing Guidelines. Consistent with the Court's ruling at the sentencing hearing on this request, and for the reasons given at the time of the hearing: (i) the Court will grant Garcia-Rodriguez' request to reflect that he was an accomplice to aggravated robbery, and will include the language in the affidavit to reflect this change; and (ii) the Court will grant Garcia-Rodriguez' request to deviate from the Sentencing Guidelines, and the Court will sentence Garcia-Rodriguez to 30 months.

**FACTUAL BACKGROUND**

A Colorado state court convicted Garcia-Rodriguez of Attempted Aggravated Robbery.  <u>See</u>

PSR ¶ 21, at 5.  The Colorado state statute of which he was convicted states:

> [Primary perpetrator] has present a confederate [defendant], aiding and abetting the
> perpetration of the robbery, armed with a deadly weapon, with the intent, either on the
> part of the [primary perpetrator] or confederate, if resistence is offered, to kill, maim,
> or wound the person robbed or any other person, or by the use of force, threats, or
> intimidation puts the person robbed or any other person in reasonable fear of death or
> bodily injury.

Colo. Rev. Stat. §18-4-302(1)(c).

**PROCEDURAL BACKGROUND**

The Probation Office disclosed the PSR on September 1, 2005.  Paragraph 21 describes

Garcia-Rodriguez' conviction for criminal attempted aggravated robbery in Colorado.  The

description of the crime stated, in part:  "Court records reflect, on September 14, 2003, the defendant

exited a vehicle and pointed a handgun at the chest of victim, Oscar Barron.  The defendant removed

money and jewelry from the victim."  PSR ¶ 21, at 5.  In paragraph 12, which addressed the Specific

Offense Characteristic, the Probation Office noted that U.S.S.G. 2L.1.2(b)(1)(A) provides that, if the

defendant had previously been deported, or unlawfully remained in the United States after a crime

of violence, increase by sixteen levels.  Probation found that a sixteen-level increase is therefore

applicable.  <u>See</u> <u>id.</u> ¶ 12, at 4.

On October 19, 2005, Probation prepared an Addendum.  The Addendum noted that neither

the United States nor Garcia-Rodriguez had any objections to the PSR.  <u>See</u> First Addendum to the

PSR.  It did correct, however, paragraph 21 of the PSR to reveal: "The presentence report stated the

defendant pointed a gun in the chest of the victim, but after closer review, it was determined the

defendant was not the individual who pointed the gun in the chest of the victim."  <u>Id.</u>

Probation asserts that increases to a defendant's sentence because of the defendant's prior convictions does not violate the decision in United States v. Booker, 543 U.S. 220 (2005).  Further, the Indictment listed Garcia-Rodriguez' prior Criminal Attempted Aggravated Robbery conviction, and Garcia-Rodriguez entered a guilty plea to the Indictment.  See id.  Probation asserts that Garcia-Rodriguez therefore admitted that he was guilty of his prior violent offense, and the sixteen-level increase based on that crime of violence is appropriate.  See id.  Probation also noted, however, that the Supreme Court in United States v. Booker held that the United States Sentencing Guidelines are advisory and that the Court has discretion to impose a sentence within the provisions of 18 U.S.C. § 3553(a).  See id. at 2.

On November 12, 2005, Garcia-Rodriguez filed his Sentencing Memorandum.  See Doc. 31.  The Probation Office received the memorandum on November 14, 2005 and treated a portion of it as an objection.  In its Second Addendum to the PSR, the Probation Office characterized the objection as one to paragraph 12 of the PSR.  See Second Addendum to PSR at 1.

Garcia-Rodriguez objected to the characterization in paragraph 21, contending that the Addendum did not correct the statement that he was the person who removed money and jewelry from the victim in the September 14, 2003 incident in Weld County, Colorado.  Garcia-Rodriguez represented that, according to the Probation Officer who prepared the PSR, she obtained the information contained in paragraph 21 from an affidavit filed in the Weld County case involving him.  Garcia-Rodriguez stated that the affidavit states he was "an accomplice to Juan Garcia" and "exited the vehicle and stood by while a handgun was pointed in [sic] the victim . . . [and while] [m]oney and jewelry were taken from the defendant [sic]" in a parking lot of Sipress Lounge in Fort Lupton, Colorado.  Defendant's Objections to Presentence Report at 1 (emphasis added).

-3-

Probation prepared a Second Addendum, in which it maintained the sixteen-level increase should be applied and that it had accurately applied the United States Sentencing Guidelines in accordance with the 2004 manual. See Second Addendum to the PSR at 1. Probation contended that, pursuant to 2L1.2(b)(1)(B), it had added sixteen levels because Garcia-Rodriguez was previously deported after an aggravated felony conviction which involved a crime of violence. See id. Probation reiterated that, on February 18, 2004, Garcia-Rodriguez was sentenced for Criminal attempted aggravated robbery in the Weld County District Court, Greely, Colorado, Case No. 03CR1453 and that he was sentenced to four years imprisonment, suspended, with credit for 153 days served. On February 28, 2004, he was deported to Mexico through San Ysidro, California. See id.

Garcia-Rodriguez contends that, because of United States v. Booker, his conduct does not merit a sixteen-level enhancement. See generally Defendant's Sentencing Memorandum. Garcia-Rodriguez asserts that he was an eighteen-year old accessory who "stood by" while another person robbed the victim of a wallet and two gold chains at gunpoint. Id. at 5. Additionally, Garcia-Rodriguez contends that his conduct is not at the level of other defendants the Court sentences regularly under 2L1.2 who have been convicted of "crimes of violence," such as murder or forcible sexual assault. Id.

Pursuant to Chapter 6 of the Federal Sentencing Guidelines Manual, November 1, 2004 edition, and after discussions with the Probation Office, which prepared the PSR, Garcia-Rodriguez submits an objection to the PSR and the Addendum. See Defendant's Objections to Presentence Report at 1.

## ANALYSIS

While there were objections, addendums, and briefs before sentencing, in the end, there were

no objections to the Guideline sentence calculated in the PSR.  Garcia-Rodriguez' primary contention

is that the Court should deviate from that Guideline sentence and impose a reasonable sentence that

more fully reflects the factors in 18 U.S.C. § 3553(a).  The Court believes that, given Garcia-

Rodriguez' age at the time of his prior felony, and given that the record reflects a limited involvement

in that crime, a deviation is appropriate.

## I.      GARCIA-RODRIGUEZ AGREES THAT THE PSR CORRECTLY CALCULATED HIS GUIDELINE SENTENCE.

At the hearing, Garcia-Rodriguez clarified that he agreed that the PSR correctly calculated

a Guidelines sentence and that he was requesting a deviation from such a sentence.  <u>See</u> Transcript

of Hearing at 13:1-8 (taken December 20, 2005).[1]  Garcia-Rodriguez argues that a Guidelines

sentence overstates his offense level because his previous conduct was not serious enough to merit

a sixteen level enhancement.  <u>See</u> Sentencing Memorandum at 5.  He also requests that the Court run

his sentence concurrent with any sentence that the Colorado court may impose for a probation

violation that the conviction in this case may have precipitated.  <u>See</u> <u>id.</u>

Also, neither the United States, nor Probation objected to changing the language in paragraph

21 of the PSR to reflect the language quoted in the affidavit, and the Court will make such a change.

<u>See</u> Transcript of Hearing at 11:24-12:25.

## II.      THE COURT WILL IMPOSE A REASONABLE SENTENCE.

In its briefing and initially at the hearing, the United States urged the Court to impose the

sentence that the Sentencing Guidelines contemplate.  The United States argues that there should be

a rebuttable presumption that the sentencing range is reasonable.  <u>See</u> <u>United States v. Mykytiuk</u>, 415

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

F.3d 606, 608 (7th Cir. 2005)("The best way to express the new balance, in our view, is to acknowledge that any sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption.").  The United States concurred at the sentencing hearing, however, that 30 months was a reasonable sentence.  <u>See</u> Transcript of Hearing at 29:2-6.

Consistent with the Court's ruling at the sentencing hearing on this request, and for the reasons given at the time of the hearing, the Court will deviate from the Sentencing Guidelines and will sentence Garcia-Rodriguez to 30 months and will run this sentence concurrent to any sentence that Garcia-Rodriguez receives in Colorado, subject to agreement by the Colorado court.  The Court notes that Garcia-Rodriguez has no criminal history in Mexico, he re-entered the United States to earn money to help pay for his wife's medical care in giving birth to their child, he committed his one prior felony at a young age, and, although the Colorado conviction is a serious crime, and the guilty plea indicates that Garcia-Rodriguez was more than a mere bystander in the crime, his involvement in the crime was not as active as those of other accomplices and principles who are convicted of aggravated robbery and other crimes of violence.  The Court believes that a sentence of 30 months, under these circumstances, is reasonable and reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence and protects the public, and otherwise promotes the factors outlined in 18 U.S.C. § 3553(a).

**IT IS ORDERED** that the Defendant's Objections to Presentence Report is sustained in part and dismissed in part.  The Court will otherwise overrule the objections.  The Court will amend the PSR to reflect the language quoted in the affidavit.  The request in the Defendant's Sentencing Memorandum is granted, and the Court will deviate from the Guidelines in arriving at a reasonable sentence of 30 months.

UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
   United States Attorney for the
   District of New Mexico
Bill Pflugrath
   Assistant United States Attorney
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Floyd W. Lopez
Albuquerque, New Mexico

      *Attorney for the Defendant*